**Maria Jessica Laput MORON, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

**No. 02–72112.**
**Agency No. A70–196–595.**

United States Court of Appeals,

---

Fed. R.App. P. 34(a)(2). Therefore, Bieder's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Ninth Circuit.

Submitted Sept. 13, 2004.**

Decided Sept. 27, 2004.

Stephen Shaiken, Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Terri Leon-Benner, Allen W. Hausman, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM***

Maria Jessica Laput Moron, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum and withholding of deportation. Because transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *see Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

Moron's reliance on prior written threats by the guerrillas as evidence of past persecution is unavailing. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). Additionally, substantial evidence supports the determination that her reasoning behind a near hit-and-run is too speculative to form a basis of past persecution. *See Ochave v. INS*, 254 F.3d 859, 866 (9th Cir.2001) (stating that where the record does not establish a connection between an event and a protected ground, the IJ is not required to accept the petitioner's hypothesis as fact).

Even assuming that Moron was credible, substantial evidence supports the IJ's conclusion that Moron failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of any of the five protected grounds. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Finally, Moron's contention that the BIA's affirmance without opinion of the IJ's decision fails to comport with the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**